damages are grossly disproportionate equity will construe it as a penalty.

4. Equity will not forfeit, but will order sale from which seller should first be paid balance due.

Judgment of Common Pleas reversed, and cause remanded.

Attorneys—Burch, Bacon & Denlinger, for Woloveck; Musser, Kimber & Huffman, for Schueler.

---

### No. 133
### FERNANDEZ v. TRACTION CO.
Ohio Court of Appeals, Summit County
No. 536. Oct. 18, 1922

NEGLIGENCE—(1) Question of negligence of person injured is question of fact for the jury—(2) Case certified to Supreme Court.

PER CURIAM:
Epitomized Opinion
Error to Summit Common Pleas

Fernandez immediately upon alighting from his automobile glanced up the street and observed that no street car was approaching. Thereupon he walked the length of his automobile and attempted to cross the street without again looking for an approaching car and he was struck by a car belonging to the Traction Co. The trial court directed a verdict for the Traction Co. on the ground that Fernandez was guilty of contributory negligence as a matter of law. The Court of Appeals in reversing the judgment Held:

1. When from the facts proved or tended to be proved there is doubt as to whether or not an injured person was negligent in the proceeding which resulted in the injury, the question is one of fact for the jury and a direction of verdict for the defendant is error.

2. On the facts the court finds that its members differ, and as the conclusion reached in the case conflicts with Cleveland Elec. Ry. Co. v. Wadsworth I. C. C. (N. S.) 483, the record is ordered certified to Supreme Court for review.

Attorneys—Sheck, Lahmer, Stevens & Hadley, for Fernandez; Mather, Nesbitt & Welker, for Traction Co.

---

### No. 134
### ROJEK v. KUSKOWSKI
Ohio Court of Appeals, Cuyahoga County
No. 4175. Jan. 29, 1923

AGENCY—(1) Agency determined by payment of commission—(2) Agency determined by written authority to act—(3) Plea of guilty to embezzlement no evidence as to agency.

VICKERY, J.
Epitomized Opinion
Appeal from Common Pleas

By a written contract Rojek agreed to purchase certain land from Kuskowski through one Olszewski, a co-defendant. Kuskowski deeded the land to Olszewski receiving from Olszewski an instrument stating that said deed was given solely to facilitate the transfer from Kuskowski, that Olszewski had not paid for said land and was to pay to Kuskowski what money he should receive from Rojek. Olszewski was also to receive a commission for the sale of the property from Kuskowski. Rojek paid the amount of money specified by the contract to Olszewski who absconded. The question now arises as to whose agent Olszewski was, it being held that Olszewski's

principal should bear the loss occasioned by Olszewski's act.
Held:

1. When one person pays to another a sum of money as commission in a certain transaction the latter is presumed to be the agent of the former.

2. When one person, by a written instrument, authorizes another to receive money for him or makes him his trustee, the latter is presumed to be the agent of the former.

3. When one person is indicted for embezzlement of money of another person a plea of guilty to the charge is not conclusive proof that the former was the agent of the latter.

The court directed that the Rojeks be given a deed upon their complying with the other conditions of the contract as to giving a mortgage, etc., and a decree be drawn accordingly.

Attorneys—Stephens & Stephens, for Rojek; Friebolin & Byers, for Kuskowski.

---

### No. 135
### BIRINYI v. RIDARCSIK
Cuyahoga Court of Appeals
No. 4174. Jan. 29, 1923

ERROR—(1) Judgment of lower court will not be disturbed unless manifestly against evidence.

PER CURIAM:
Epitomized Opinion
Error to M. C. of Cleveland

Ridarcsik employed Birinyi, an attorney of record, to conduct certain litigation. Birinyi claims to have had a contract whereby he was to receive $150 for his services. Ridarcsik claims that Birinyi was to have $50. Birinyi collected $160, keeping all of it except $10, which he tendered to Ridarcsik. Ridarcsik sued to recover $110 and Birinyi filed a counter claim asking for $150. Upon judgment for Ridarcsik Birinyi prosecutes error.

1. Unless the judgment of the lower court was manifestly against the weight of the evidence it will not be disturbed, which cannot be said. Judgment affirmed.

Attorneys—D. K. Birinyi, in person; D. R. Hertz for Ridarcsik.

---

### No. 136
### SIFF v. M. O'NEIL CO.
Ohio Court of Appeals, Summit County
No. 587. Dec. 19, 1922

NEGLIGENCE—PERSONAL INJURY—(1) Automobile—Concurring negligence — Injury caused solely by the negligence of person injured not ground for suit—(2) Failure of court to give which, though proper were not requested, is not error—(3) General exceptions; questions raised by.

WASHBURN, P. J.
Epitomized Opinion
Error to Summit Court of Common Pleas

Jean Siff, a young child, while riding in her father's automobile, received an injury as the result of a collision with a truck belonging to the O'Neil Co. The evidence tends to show that the driver of Siff's machine was negligent and that the driver of the truck was not negligent. The court charged the jury that if the truck driver's negligence was the

proximate cause of the injury to Siff, the latter could recover, but if the injury was solely caused by the negligence of the driver of the automobile, she could not recover. Siff claims that it was error not to charge that in the concurring negligence of both drivers, Siff could recover. Such charge was not requested.

Held:

1. If the accident resulting in the injury was caused by the sole negligence of the driver of the automobile in which the person injured was riding, such person could not recover damages, but would be entitled to recover, although the negligence of the driver of the car she was in contributed to the injury.

2. If a charge as given is free from error, failure to give other instructions which might have been properly given is not error.

3. A general exception to a charge raises only the question of the correctness of the given charge, and raises no question for failure to give the charge which should have been given; this must be done by request to charge and exception to the refusal to so charge.

Attorneys—Burch, Bacon & Denlinger, for Siff; Rockwell & Grant, for O'Neil Co.

---

## No. 137
## STANLEY ROBERTS v. THIRD NATIONAL EXCHANGE BANK

Ohio Court of Appeals, Wood County
No. 272. Jan. 15, 1923

NEGOTIABLE INSTRUMENTS — (1) Cognovit judgment—Note executed to deceive bank examiner as to excessive loan, not illegal—(2) But cannot be interposed as a defense to the note—(3) Parol evidence rule—(4) Incompetent under negotiable instruments law, 8121 GC.—(5) Consideration for a note.

CHITTENDEN, J.

#### Epitomized Opinion

#### Error to Wood County Common Pleas

The defendant bank took judgment against Roberts in the Common Pleas in the sum of $10,000, upon a cognovit note, without service of summons. A motion to set aside the judgment was made averring that it was taken upon a warrant of attorney for more than the amount due; that the defendant was not indebted upon the note in any amount, and that he had a good and sufficient defense to the note.

At the hearing upon the motion the defendant submitted, as an affidavit, an answer he sought to file in the action, but no other evidence. The court found that the answer tendered did not contain facts sufficient to constitute a defense, and overruled the motion to vacate the judgment.

The answer set up that the bank had loaned a certain motor company $10,000, and an additional loan of $10,000 was necessary to permit it to continue business and save to the bank the loan already made; that the bank stated to him, Roberts, that if he would sign a "paper writing," a loan might be made ostensibly to him, and thus deceive the bank examiner, as to an excessive loan, but it was not to be considered a note, but merely an accommodation

to the bank to conceal the real transaction and permit it to make the loan. The Appellate Court held:

1. That a national bank is not precluded from collecting the full loan, because in excess of the amount permitted by law and the transaction is neither illegal or void.

2. That a defense sought to be interposed to a note that it was executed to deceive the examiner, so far taints it with illegality as to preclude defendant from interposing it.

3. In order to prove the defense pleaded, it would have to be done by parol evidence, which would be inadmissible, as tending to vary a written instrument. No claim being made the signature to the note was obtained by a trick or fraud, 52 O. S. 64 followed.

4. That the evidence would not be competent under 8121 GC., authorizing the reception of evidence to show the delivery was conditional or for a special purpose, and not to transfer property in the instrument, as the negotiable instrument law is merely a codification of established law, 214 Fed. 973 followed.

5. The loan of the $10,000 to the motor company constituted a sufficient consideration to sustain the note. The action of the Common Pleas refusing to open the judgment was affirmed.

Attorneys—Harrington & Dunn, and Ritter & Hutchens, for Roberts; Marshall & Fraser, for the bank.

---

## No. 138
## COLUMBIA CHEMICAL CO. v. EMMONS

Ohio Court of Appeals, Summit County
No. 665. Dec. 20, 1922

INDUSTRIAL INSURANCE — (1) Appeal — (2) Limitation of time. Workman's Compensation.

PARDEE, J.

#### Epitomized Opinion

Jennie Emmons filed with the Industrial Commission an application for an allowance of claim for death of husband from gas leaking from a flue in the factory. This not being allowed, she filed an appeal in the Common Pleas. Two petitions were filed which were dismissed. She secured a verdict but the time limitation for filing an appeal had expired. The Chemical company claimed that she was barred and the court had no jurisdiction.
Held:

1. The statute requires the informal appeal to be filed and does not require the petition to be filed within the limited time.

2. The proceeding to determine liability under the law is not a civil action; jurisdiction attaches on filing of appeal; and it then proceeds like a civil action, and the court can give extension of rule, time to file pleading, as in other cases.

Attorneys—Dustin, McKeehan, Merrick, Arter & Stewart and Ashley M. Van Duzer, for plaintiff in error; Payer, Winch, Minshall & Karch, M. C. Harrison, Chas. N. Krieg and S. C. Miller, for defendant in error.