Gottwald, Breiding, Hershey & Hinton, Akron, for plaintiff in error.

Herberich, Weick & Powers, Akron, for defendant in error.

## FINCHER v SUMMIT BEACH PARK CO

Ohio Appeals, 9th Dist, Summit Co

No 2041. Decided Feb 3, 1933

**WASHBURN, J.**

Plaintiff claims that the trial court erred in giving, before argument, the following special request of the defendant:

"VIII. If you find that the plaintiff's injuries were caused solely as a result of his own negligence or that of another patron of the revolving wheel, then I say to you there can be no recovery in this case and your verdict should be for the defendant."

and in charging, in the general charge, as follows:

"Where the sole carelessness of the plaintiff or that of another patron on the revolving wheel caused the injury, the plaintiff cannot recover, if the jury so find the facts to be."

The claim of the plaintiff as to the foregoing parts of the charge, as set forth in the brief, is that—

"The trial of this case developed a situation in which it was disclosed by evidence of the defendant, and made a part of defendant's theory of the case, that there had been negligence by an intervening third person; and further there was evidence offered by the plaintiff that there had been negligence on the part of the defendant.

"The above special request and general charge were the court's only instruction to the jury on the law touching that situation so developed.

"Taken together this special charge was a plain direction to the jury that any negligence of another patron of the revolving wheel would relieve the defendant from liability, and it charged out of the case the entire question of concurrent negligence of the defendant and an intervening third person."

We do not agree with plaintiff's interpretation of the foregoing portions of the charge. They relate only to the sole negligence of the plaintiff or his companion and are correct statements of the law. If the plaintiff desired the court to charge on the question of concurrent negligence of the defendant and a third person, he should have requested such a charge or called the court's attention to the omission, and the record shows that he did not do so, although he was especially asked by the court if he had "any suggestion to make as to any additional charge."

"2. The failure of the trial court in its charge to the jury to give instructions which properly might have been given is not ground for reversal where such instructions were not requested and the charge as given is free from error."

Siff, a minor v The M. O'Neil Co., 17 Oh Ap 216, (1 Abs 184).

Our attention has been called to the case of **Cincinnati Traction Co. v Williams, 115 Oh St 124,** where a somewhat similar charge was held to be erroneous, but that case is not like the case at bar; there the judgment was for the plaintiff and the court charged that if the jury found that the defendant was not negligent and that plaintiff's injuries were caused solely by a third party, the verdict should be for the defendant. The plaintiff could not complain of such charge, but the defendant could, because if the jury found that the defendant was not negligent, it was entitled to a verdict regardless of whether the jury found that the injury to plaintiff was caused solely by a third party.

Complaint is made of the general charge as a whole, the claim being that it is so long and involved as to be misleading.

While the charge is not a model and is unnecessarily long, we do not find, on the whole record, that it is misleading or unfair to the plaintiff, and we find no prejudicial error therein in the submission of the issue of the defendant's negligence.

It is also urged that the verdict is against the weight of the evidence, but we do not so find.

Complaint is made of the charge of the court in several other particulars, but they all relate entirely to the issue of contributory negligence and were not calculated in any way to mislead the jury upon the issue of the defendant's negligence. Inasmuch as no error has been found in the submission of the issue of the defendant's negligence, and the verdict of the jury was in favor of the defendant, and no interrogatories were submitted to determine which issue was the basis of the verdict, we cannot reverse the judgment on errors relating solely to the issue of contributory negligence. **(Knisely v Community Traction Co., 125 Oh St, 131; Binder v Youngstown Municipal Ry Co., 125 Oh St 193),** and we

therefore make no further mention of such claimed errors.

Judgment affirmed.

PARDEE, PJ, and FUNK, J, concur in judgment.