**DAVIES v SEASLEY et**

Ohio Appeals, 7th Dist, Mahoning Co

Decided Nov 9, 1934

John Ruffalo, Youngstown, for plaintiff in error.

Barnum, Hammond, Stephens & Hoyt, Youngstown, and R. B. Wilson, Youngstown, for defendants in error.

**OPINION**

By LYNCH, J.

We observe that quite often the question here presented is not raised in actions of this character, but when raised it becomes the duty of the court to determine whether there is a misjoinder of parties defendant, and whether different causes of action are improperly joined. We have read with care the briefs filed in this case, but find, after carefully examining the cases cited by plaintiff in error, that the same are not determinative of the question here involved. We further observe that all of the decisions of the Court of Appeals cited in said brief are prior in time to the case of **The Stark County Agricultural Society et v Brenner, 122 Oh St, 560.** An examination of the case just cited shows the issues therein were different from those in the instant case. It is to be observed that in that case The Veterans of Foreign Wars, one of the defendants, had been dismissed as a party. The question was not involved as to whether The Veterans of Foreign Wars and defendant DeMichele were acting in concert in the execution of a common purpose. However, our Supreme Court in the Brenner case, supra, announced the rule in our judgment applicable to the instant case in the third syllabus, reading as follows:

"Joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose and where the want of care of each is of the same character as the want of care to the other."

A mere reading of the petition reveals that the defendants, Seasley and Herberg, were not acting in concert in the execution of a common purpose, the alleged negligent acts of each being independent. Each of the defendants acted separately and alone. The right of plaintiff to maintain a separate action against each of the defendants is clear, but by reason of their having acted independently of each other, they can not properly be joined. They can not be sued jointly when the right so to do is challenged by a demurrer.

We find there was no error on the part of the Court of Common Pleas in sustaining the demurrer to the petition, and for that reason the judgment of that court is affirmed, petition in error dismissed at costs of plaintiff in error. Exceptions noted.

Judgment affirmed.

ROBERTS and SMITH, JJ, concur in the judgment.