## DASH v FAIRBANKS, MORSE & CO et

Ohio Appeals, 2nd Dist, Franklin Co

No 2459.   Decided Dec 14, 1934

Hamilton & Kramer, Columbus, and Arthur Wiles, Columbus, for plaintiff in error.

Ballard & Hensel, Columbus, for defendant in error, Cora Rader Hood.

## OPINION

By HORNBECK, PJ. ·

We have been favored with the opinions of the trial court on sustaining the demurrers, and in support of the action of the trial court we are cited to the following cases:

Agricultural Society v Grenner, 122 Oh St, 560;

Lindemann v Eyrich, 21 Oh Ap, 314; (4 Abs 645).

Goebel v Hummel, 21 Oh Ap 486 (4 Abs 376);

Morris v Woodburn, 57 Oh St, 330;

Village v Gilbow et, 81 Oh St, 263.

We are also referred to certain other cases outside of Ohio and certain nisi prius opinions in Ohio. Our attention is particularly directed to a recent opinion by the Appellate Court of the Seventh District in the case of Davies v Seasley, etc, et (unreported).

Plaintiff in error cites Young v Hornbeck et, No. 132,433, Franklin County Common Pleas Court, in which case Judge Scarlett overruled a demurrer based upon misjoinder of parties; also:

Knight, Admrx. v Schlachter, 28 Oh Ap 70 (6 Abs 196).

Maumee Valley Railways & Light Co. v Montgomery, 81 Oh St, 426.

B. & O. R. R. v Bailie, 112 Oh St, 567.

Maloney v Callahan et, O. Law Bulletin, Feb. 12, 1934, p. 305.

Sayles v Cabell, 15 O. Law Abs, 568.

The gist of the cases cited, wherein it has been held that defendants could not be properly joined, is that the wrongdoers did not act in concert in the execution of a common purpose, and did not maintain the same relationship toward the plaintiff.

There are many acts sounding in tort, such as assault and battery, seduction, rape, abortion, trespass, conversion, waste, false imprisonment, malicious prosecution, wrongful arrest, kidnapping, as well as negligence, both wilful and common.

It is appropriate to speak of concert of action and common purpose in actions wherein volition or purpose is one of the essentials. Such expressions have ready application to all those torts above named, including wilful negligence, excepting common negligence, in which it is difficult to get the concept of concert of action and execution of common purpose by wrongdoers. Common negligence is a failure to exercise ordinary care and the purpose of the wrongdoer has nothing whatever to do with its commission. One may act in the best of good faith and with the highest purpose and yet be chargeable with negligence, even gross negligence, although not with wilful negligence. Upon examination the cases, in the main, which lay down the principle of concert of action and common purpose have to do with those torts wherein an action of the mind or volition can properly be brought into play. In Ohio there are cases wherein the courts have held that defendants could not be joined because the defendants' obligations to the plaintiffs were of a different character, such as those growing out of statute and those growing out of common law obligation to exercise ordinary care.

In the instant case it is the manifest theory of the plaintiff that the separate acts of negligence of the defendants combining and concurring caused the single injury to the plaintiff. Under our liberal code of procedure there is a well-defined purpose of the courts to avoid multiplicity of suits even at law and to permit, in so far as possible, all issues to be adjudicated in one action. If the defendant, Hood, was negligent and her negligence proximately caused the injuries to the plaintiff without contributory negligence of plaintiff, she is liable to the full extent of the damages suffered by plaintiff. This likewise is true as to the other defendants. There can be

no division of the damages suffered by plaintiff. The issues if drawn in this case by the joint defendants would in all probability be simple and could be adjudicated without prejudice to any of the parties. In this situation technicality should not be invoked to preclude the plaintiff working out his rights against all these defendants in one action.

The third syllabus of Agricultural Society v Brenner, supra:

"Joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose and where the want of care of each is of the same character as the want of care of the other."

This proposition of law, of course, has application to the facts in the case there under consideration.

In the second proposition of the syllabus it is noted that the responsibility of the Agricultural Society to the plaintiff was limited to conditions which were known to the society. The Agricultural Society had leased its premises to another defendant, the Veterans of Foreign Wars, and De Michele was under contract with the defendant, Veterans of Foreign Wars, to furnish a fireworks display. Chief Justice Marshall, points out out that there is no privity of contract between the Agricultural Society and De Michele. If the Society was negligent, its want of care was of a different character from that charged against De Michele. It is true that it is said at page 573:

"There is joint liability only where there is concert of action and a common intent and enterprise."

We doubt if this expression can have application to a joinder of two defendants whose obligation is a common obligation to plaintiff and whose combined and concurrent negligence causes the damage complained of.

In **Bello v Cleveland, 106 Oh St 104,** this language is employed:

"Where separate tortious acts have been separately done, and only a single injury inflicted, the parties must be sued separately."

This statement taken alone and without relation to the facts under which pronounced clearly would support the sustaining of the demurrer in the instant case. However, in the Bello case Judge Marshall, immediately after making the above cited statement, illustrates that the defendant Bardons & Oliver if it had committed any tort it consisted in want of ordinary care, whereas, if the city had committed tort it was in failing to discharge the duty imposed by statute, namely §3714, GC. That is to say, that the rights of the plaintiff against the defendants were of different relationship, one growing out of common negligence, the other out of failure to observe statutory obligation. The text books, in considering our question, set forth the principles controlling.

**47 C. J., 79:**
"In the absence of any express provision to the contrary, in jurisdictions having codes of procedure or practice acts, as at common law, where a tort is committed by two or more persons as joint tort-feasors, they are regarded as being jointly and severally liable therefor, and plaintiff at his election may sue all, or one, or any intermediate number of such joint tort-feasors."

There are cited in support of the text many cases from many of the states of the Union. Illustrating the principle is Chicago Great Western R. Co. v Hulbert, 205 Fed. 248:

"Where a pedestrian is injured by the violent breaking, by some passenger car negligently managed, of a light wire carelessly allowed by an electric light company to hang low over a railroad track, plaintiff may sue either or both companies, jointly or severally, in which question they have no voice."

The facts in this case by analogy parallel closely those in the instant case. The negligence of the electric light company began in point of time prior to that of the railroad company but it continued and operated with the negligence of the railroad company and the acts of negligence of both of the companies concurred to cause the injury to the plaintiff.

To like effect, **42 C. J., 1130:**
"Under the rules generally applicable as to joint and several liability for tort and more specifically for negligence, where the negligence of two or more persons concurs in causing an injury by a motor vehicle, they are, each, any, or all liable whether or

not they have acted in concert, although but one satisfaction can be had for the wrong."

See also 45 C. J., 496.

The many cases cited support the text. From **Ohio Siff v O'Neil Company, 17 Oh Ap 216 (1 Abs 184)** See page 217.

In Jaquith v Warden (Wash.) 132 Pac. 33 one, defendant negligently left an automobile standing in the street at night without a light. Another defendant automobile driver negligently collided with the first automobile, causing the second automobile to deflect its course and strike and injure a pedestrian. It was held that the owners of both vehicles and the driver of the moving vehicle could be joined as defendants. Somewhat similar facts are found in Hitchins v Wilson, 68 Pacific Super., 366.

The distinction which we believe exists in the instant case and cases coming under the classification of the joinder of defendants who are both charged with common negligence, is particularly illustrated in **62 C. J. at page 1133**:

"While there is language in some decisions to the effect that concert of action is necessary, at least in the case of wilful torts, as a general rule where the separate and independent acts of several tort-feasors, especially where such acts are negligent, combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it."

"It has been said that to make tort feasors liable jointly there must be some sort of community in the wrong doing, and the injury must be in some way due to their joint work, but it is not necessary that they be acting together or in concert if their concurring negligence occasions the injury."

1 Cooley on Torts (3rd Ed.), 247; 26 R.C. L. 764-765.

The text is abundantly supported by pertinent decisions which support the rule we follow in this case.

At page 1131 of 62 C. J. the proposition contended for by the defendant, Hood, in this case is stated and many cases cited to support it. However, we believe that they may be distinguished for the reasons heretofore set forth in this opinion. At page 1130 of 62 C. J.:

"Where different persons owe the same duty and their acts naturally tend to the same breach of that duty, the wrong may be regarded as joint and both may be held liable. * * * In the absence of a showing of concert of action, slander is a single tort."

Here again is illustrated the distinction which we are seeking to make between torts which in their nature involve purpose and those which may be committed independent of the purpose which actuates the wrongdoers. See Dickson v Yates, 188 NW, 948, and compare with McDonald v Robinson, 224 NW, 820.

The case of Young v Hornbeck, supra, recognizes the principle set forth in the text heretofore quoted and we believe was properly decided. To like effect is Maumee Valley Railway & Light Co. v Montgomery, supra, citing Morris v Woodburn, supra.

In B. & O. Railroad Co. v Bailie, supra, the petition joined the B. & O. Railroad Co. and The American Steel & Wire Co. as defendants. The charge was common law negligence against the Railroad Company and against The American Steel & Wire Co., combining and concurring to cause the injury complained of. The question was not raised upon demurrer asserting misjoinder of parties defendant but it was necessary for the court to decide whether or not there was a misjoinder to determine if §11273, GC, had application to hold a nonresident defendant in court. The court cites and quotes with approval a portion of the opinion of Judge Shauck in Maumee Valley Railways & Light Co. v Montgomery, supra.

In the last named case the plaintiff joined as defendants the Maumee Valley R. & L. Co. and Toledo U. & I. Interurban Company to recover for personal injuries sustained by him while a passenger on a car owned by the Maumee Valley Company. The track upon which the cars ran was owned by the Maumee Valley Company. The plaintiff alleged that the cars collided because of the combined negligence of the defendants. The obligation of the Maumee Valley Company to the plaintiff arose from its contract of carriage. The obligation of the Toledo Company was that of ordinary care only. The degree of care enjoined upon defendants differed. It is apparent that combined negligence was well pleaded but concert of action and particularly a common purpose could not have been found because the torts, if committed by both companies, were separate and distinct acts

of negligence. Judge Shauck at page 430 and 431, says:

"It is urged upon our attention that the petition does not allege, and the evidence does not tend to show, any act of negligence participated in by both of the companies joined in the action. * * * The original plaintiff was wholly without fault contributing to his injury. His right to recover against one, or both of the companies, is entirely clear. If the collision resulted solely from the negligence of the Interurban Company the liability should ultimately fall upon it. But that liability may be enforced in the same action as the liability of The Maumee Company for the breach of its contract. The original plaintiff was obliged neither to waive his right of action against either company, nor to choose at his peril against which company he would bring his action. We are aware of no rule of law which requires several actions to determine the rights and liabilities of the parties in such a case. That they may be determined in one action appears from **Morris v Woodburn, 57 Oh St, 330**; Chicago v Robbins, 2 Black, 418; City of Rochester v Campbell, 123 N. Y., 405."

"The original plaintiff, upon the principles already stated, may be entitled to judgment against both companies, though of course, he is entitled to but one satisfaction."

This decision has not been reversed nor modified and we believe can be distinguished from the facts which occasioned the third syllabus in Agricultural Society v Brenner, supra.

A well considered case is **Sayles v Cabell et, 15 Abs 568**, in which the opinion was written by Judge Roberts of the 7th District sitting by designation in the 9th District.

1 Syl. "The driver of an automobile whose negligent operation results in placing the car on the wrong side of the street, is, although his negligence has ceased being active a few moments before a collision with another car due to the negligence of its operator, jointly and severally liable with the operator of the latter car for injuries resulting from such negligence."

This pronouncement is applicable to the facts in the instant case because though active negligence of defendant, Hood, could be found to have ceased a few moments

before the plaintiff was caused to drive off of the highway, even then she would be jointly liable. This case is especially interesting because we are cited in support of the action of the trial court in the instant case to Davies v Seasley, etc, et, supra, in which the opinion was written by Judge Lynch of the 7th District. Judge Roberts concurred. This latter case supports the action of the trial court, but we are not in accord with the conclusions there reached, and if a motion is made to certify the judgment in the instant case, we will give careful consideration to the question whether or not there is conflict between our decision and the cited case.

The last expression of our Supreme Court on the question under consideration is found in **Maloney v Callahan, Maloney v Watkins, and Maloney v Snell, O. L. Bulletin, 302,** wherein Judge Zimmerman, writing the opinion, said:

"The petitions allege acts of concurrent negligence of a similar character on the part of both defendants, jointly contributing to and proximately causing the collision and resulting injuries, which allegations on their face make such defendants properly joinable in the same action." Citing **Covington Transfer Co. v Kelly, 36 Oh St, 89; 30 Ohio Jur., 767-768.**

We readily concede that in Ohio, although the principle underlying the determination of the instant case is well defined, its application is not clear. The cases cited raise some doubt as to the law in Ohio. However, we are of the opinion that upon the weight of authority generally and upon the better reasoned decisions in Ohio, the defendants in this case were properly joined and the demurrer directed to the petition on the ground of misjoinder of parties defendant should have been overruled.

The judgment will, therefore, be reversed with instructions to overrule demurrer of defendant, Hood, to the second amended petition.

KUNKLE and BARNES, JJ, concur.