## HUDSON v OHIO BUS LINE CO AND PARKWAY CABS, INC

Ohio Appeals, 1st Dist, Hamilton Co

Decided March 22, 1937

Walter K. Sibbald, Cincinnati, for appellant.

Bert H. Long, Cincinnati, and Milton Bloom, Cincinnati, for appellee, The Ohio Bus Line Company.

M. Froome Barbour, Cincinnati, for appellee, Parkway Cabs Co.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Common Pleas Court of Hamilton County.

The appellant instituted an action against the Ohio Bus Line Company and The Park-

way Cabs Company, alleging that by reason of a collision occurring between a bus and a taxicab he, as a passenger in the bus, was injured

There are no allegations of fact showing that the injuries of appellant were due to the joint negligence of the Bus Company and the Taxicab Company. The facts justified only the conclusion that such negligence, if it existed, was merely concurrent. The bus and the taxicab were being driven in opposite directions upon a street in the city of Cincinnati. They collided. The appellant was injured. This does not constitute joint negligence. We agree with the reasons and conclusions in: **Davies v Seasley et, 1 O.O. 243, (18 Abs 607); Agricultural Society et v Brenner, an infant, 122 Oh St 560; Bello v City of Cleveland, 106 Oh St 94, 104.**

We are not unmindful of the case of **Dash v Fairbanks, Morse & Co. et, 49 Oh Ap 57, (18 Abs 504), 2 O.O. 232,** in which the Court of of Appeals of the Second District reached a contrary conclusion.

The answer of the Bus Company denied negligence and charged the collision to the sole negligence of the Taxicab Company. This latter allegation was surplusage, for its defense was satisfied if the appellant failed to show negligence on the part of the Bus Company.

In like manner, the Cab Company denied negligence and charged that appellant's injuries were due to the sole negligence of the Bus Company. Here again, the pleader exceeded the requirements of a defense.

No affirmative relief being asked by the Bus Company against the Cab Company or visa versa, the allegations of negligence were surplusage and should have been stricken out of the pleadings. However, no request was made by either defendant for an election, and the answers waived this right.

A motion was, however, made by the Cab Company for dismissal at the close of the evidence of appellant, and this motion the court granted. This is assigned as error.

The case proceeded against the Bus Company resulting in a verdict in favor of appellant, which, it is claimed, is inadequate. The refusal of the court to grant a new trial because of such inadequacy is also assigned as error. Upon the latter assignment, we find no error, prejudicial to the appellant.

The Bus Company does not appeal.

Did the court err in dismissing the Cab Company at the close of the evidence of appellant? The dismissal was absolute. It was not a dismissal without prejudice. The appellant is barred from again suing the Cab Company. The final judgment in the case dismisses the Cab Company completely from the proceeding. This can only be justified if there was no evidence showing that the Cab Company or its employes, were negligent, or that such negligence was not the proximate cause of the injury of which the appellant complains.

The basis for the action of the court is found in the relationship of the cab drivers to the Cab Company.

It appears that the Cab Company owns some seventy-five cabs. That each morning a number of cab drivers present themselves at the offices of the company and deposit the sum of $4.25. A cab is then delivered into the custody of the driver, and he can do with it as he wills. Any revenue collected by the driver is his own personal property. Many of the drivers frequent cab stands in the city. Calls are received by the Cab Company for taxi service. These calls are relayed to the stands and the driver first in line is permitted to answer the call. The cabs bear the name of the Cab Company, and the company advertises cab service. There is manifestly no relationship of master and servant developed by such facts. Reasonable minds could not differ on this point.

Were the plaintiff in this case an injured passenger in one of the taxicabs in question, the doctrines of estoppel, holding out, and implied agency would present questions for the jury.

It is contended that such doctrines are applicable to cases where the injured party has not been induced to rely on the circumstances creating implied agency. We are not cited to, nor do we find any controlling authority for such contention.

The question present where a master is sought to be held liable for the acts of one who may be either a servant or independent contractor or lessee is the right to control the acts of the individual directly responsible for the tort. See: **26 O. Jur. 624; 21 O. Jur. 624,** citing **Tiffin v McCormack, 34 Oh St 638.**

We fail to find any evidence indicating that the Cab Company had the right reserved to exercise any control over the acts of the cab drivers after the cab was turned over to him in the morning. The court,

636

therefore, committed no error in dismissing the Cab Company from the action.

Finding no error, prejudicial to the appellant, in the record, we affirm the judgment of the Common Pleas Court.

HAMILTON, J, concurs.
MATTHEWS, J, dissents.

### DISSENTING OPINION

By MATTHEWS, J.

Without reciting a contrasting analysis of the evidence, my conclusion is, that the record presents evidence from which conflicting inferences could be drawn as to whether the operator was an independent contractor or the employee of the Parkway Cabs, Inc., and that, therefore, it presents an issue for submission to the jury.

I agree with my associates that there is no evidence that the defendants were joint tort feasors. They were, therefore, improperly joined.

The court would have been justified in requiring an election, which would have resulted in the dismissal of one of the defendants without prejudice.

I believe the judgment of dismissal should be modified by providing that the dismissal of Parkway Cabs, Inc., is without prejudice to the rights of the plaintiff.

The judgment against the Ohio Bus Line Company should be affirmed.