## TISHLER v
## TAXICABS OF CINCINNATI, INC, et
(2 cases)

Ohio Common Pleas, Hamilton Co

Decided March 12, 1938

John M. McCaslin, Cincinnati, and Bert H. Long, Cincinnati, for demurrers.

Chester R. Shook, Cincinnati, contra.

## OPINION

By MACK, J.

In each of above cases, plaintiff, a passenger in a taxicab of defendant Taxicabs of Cincinnati, Inc., seeks to recover from it and The Ohio Bus Line Company damages for injuries alleged to have been sustained by reason of a collision between such taxicab and a bus of defendant Ohio Bus Line Company.

Briefly stated, the collision is alleged to have taken place at the intersection of Lincoln Park drive and John Street, in Cincinnati, the taxicab at said time going eastwardly over Lincoln Park drive, and the bus going northwardly over John Street. It is alleged that each and both of the vehicles were driven without regard for the safety or the rights of plaintiff; that the driver of each of said vehicles failed to avoid a collision, as he could, in the exercise of ordinary care, or should have done; that each of said drivers was operating his vehicle at a speed greater than was reasonable and proper; that each of said drivers failed to give warning of the approach of his vehicle to the intersection; that each and both of said drivers entered the intersection on the amber or red traffic light, contrary to the ordinance of the city of Cincinnati.

In each case each of the defendants demurs to the petition on the ground that there is a misjoinder of parties defendant.

In support of such demurrer defendants rely mainly upon the decision of our Court of Appeals in **Hudson v Ohio Bus Line Company and Parkway Cabs, Inc.**, reported in 8 O.O. 312; 23 Abs 634; 56 Oh Ap 483, and claim that such decision is binding upon this court.

In behalf of plaintiff it is claimed that said decision is obiter dictum and that it is contrary to the decisions in Sayles v Cabell, 15 Abs 568, decided by the Circuit Court of Appeals for the Ninth District, in 1933; Dash v Fairbanks, Morse & Co. and Hood, 49 Oh Ap 57 (18 Abs 504), 2 O.O. 232, decided in 1934; Maloney v Callahan et, 127 Oh St 387, decided in 1933.

At the outset this court agrees with counsel for defendants that it is bound by the decision of our Court of ▮▮▮▮▮ ▮ Appeals, unless said decision is contrary to that of the Supreme Court of Ohio, or is merely obiter dictum. If there were no controlling decision of the Supreme Court this court would be inclined in view of the great ability of the judges of our Court of Appeals, to follow even an obiter dictum of such court as against a decision of some other Court of Appeals. It has therefore been deemed necessary to extensively consider the foregoing cases, as well as any other decisions of our Court of Appeals, or its predecessor, the Circuit Court, and it is likewise instructive to refer to the opinions of text writers.

Examining the foregoing cases we find:

Hudson v Ohio Bus Line Co. et al—Hudson, a passenger in a bus, was injured by reason of a collision between such bus and a taxicab, which were driven in opposite directions upon a street in Cincinnati, resulting in a collision thereof. At the close of the evidence the court dismissed the Taxicab Company. The basis for such action was that there was no relationship of master and servant between the driver of the taxicab and the Taxicab Company, because the taxicab driver paid a sum each day for a cab and retained any revenue collected, and there was no evidence that the Taxicab Company reserved the right to exercise any control over the acts of such driver. The affirmance of such action by the Appellate Court involved a determination only of the correctness of the trial court's action. However, in the opinion it is said:

"There are no allegations of fact showing that the injuries of appellant were due to the joint negligence of the Bus Company and the Taxicab Company. The facts justified only the conclusion that such negligence, if it existed, was merely concurrent. The bus and the taxicab were being driven in opposite directions upon a street in the city of Cincinnati. They collided. The appellant was injured. This does not constitute joint negligence. We agree with the reasons and conclusions in: Davies v Seasley et, 1 O.O. 243; Agricultural Society et v Brenner, an infant, 122 Oh St 560; Belle v City of Cleveland, 106 Oh St 94, 104."

While this expression is obiter dictum, nevertheless it affords an additional ground upon which, in the opinion of the Court of Appeals, such action of the trial judge should be affirmed. It should be noted that the question of misjoinder was not raised in the trial court.

Davies v Seasley, (decided 1934) relied upon by the court was a case exactly similar to the Hudson case. There Davies was a passenger in the automobile of Herberg and was injured by such automobile col-

liding with that of Seasley while traveling in opposite directions. The action was brought against both Seasley and Herberg, and the petition was drawn on the theory that plaintiff was injured by the "joint and concurrent negligence of both defendants." Taking the view that **Stark County Agricultural Society v Brenner, 122 Oh St 560,** controlled, the court affirmed a ruling of the Common Pleas Court sustaining a demurrer to the petition for misjoinder of parties defendant, and that separate causes of action against several defendants were improperly joined. The court said:

"A mere reading of the petition reveals that the defendants, Seasley and Herberg, were not acting in concert in the execution of a common purpose, the alleged negligent acts of each being independent each of the defendants acted separately and alone."

Sayles v Cabell was a case in which there was a collision between the car of Sayles and that of Lee, in which car Cabell was riding. There was a judgment for plaintiff against both defendants. The petition alleged that the collision "was a direct and proximate result of the negligence of the two defendants, which negligence of each concurred in point of time and cooperated to produce said results." The exact question before the Appellate Court was whether the action was properly brought against Sayles in Summit County, where Lee resided, Sayles being a resident of Miami County, and being served by summons sent to the sheriff of that county. After reviewing authorities of other states, the court said, per Roberts, J.:

"Having thus reached the conclusion that the two defendants were jointly and severally liable, the action was properly brought against Sayles in Summit County, the residence of the other defendant."

Dash v Fairbanks, Morse & Co., et al., was a case in which Dash was traveling in an automobile and automobiles of Fairbanks, Morse & Co. and Cora R. Hood, traveling in opposite directions on the highway, were. so negligently operated as to cause plaintiff to veer the course of his automobile off the traveled portion of the highway and causing it to collide with certain objects. resulting in injuries to him. The petition averred "the joint negligence of defendants, which concurring negligence

proximately caused the injuries to plaintiff and resultant damages."

Defendant Hood demurred for misjoinder of parties and such demurrer was sustained by the trial court. The Court of Appeals reversed such holding for the reason that the joinder of defendants was proper. The basis for the conclusion of the court will be found in its statement at page 61:

"In the instant case it is the manifest theory of the plaintiff that the separate acts of negligence of the defendants combining and concurring caused the single injury to the plaintiff."

**Maloney, v Callahan et, 127 Oh St 387,** involved three suits against W. A. Maloney and Mark Isaacs. The plaintiffs were passengers in a taxicab operated by Isaacs and there was a collision between such taxicab and an automobile driven by Maloney's agent. The question involved was whether Maloney, a non-resident of Mahoning County, wherein Isaacs resided and the suit was brought, could be summoned. At page 391 the court said, per Zimmerman, J.:

"In the instant case, the plaintiffs and the defendant Isaacs resided in Mahoning County. The petitions alleged acts of concurrent negligence of a similar character on the part of both defendants, jointly contributing to and proximately causing the collision and resulting injuries, which allegations on their face make such defendants properly joinable in the same action. **Covington Transfer Co. v Kelly, 36 Oh St 86, 90; 30 Ohio Jurisprudence, 767, and 768. §§45 and 46.**"

Transfer Co. v Kelly, (1880) arose in the Superior Court of Cincinnati. Kelly was a passenger on a car of the Street Railway Co. and was injured by the car coming in collision with a railroad car of the Transfer Co. The Street Railway Co. was dismissed. At page 90 the court said, per McIllvaine, C.J.:

"The exact question presented by this record as we understood the bill of exceptions, arises upon the fact assumed in the request to charge and in the charge as given to the jury, that the wrongful acts of the defendants below, the railroad company and the transfer company, were not only concurrent in point of time and place, but in such manner that the wrongful act of each was

244

a direct and proximate cause of the injury complained of by the plaintiff; and this being so, it matters not whether the act of each, without the concurrence of the other, would have produced the injury, or, that the negligence of neither would have caused it without such concurrence; so that upon general principles and reason both or either ought to make compensation therefor. The general rule undoubtedly is that where damage is caused by the joint or concurrent wrongful acts of two or more persons, they may be prosecuted therefore jointly or severally."

At page 93 he said:
"But, however this may be, we are unanimous in the opinion that for a personal injury to a passenger, who is himself without fault, occasioned by the joint and concurring negligence of the carrier and another person, there is no sound principle of law which precludes injured party from seeking redress from both or either of the wrongdoers."

**Street Railway Co. v Murray, Admr. et, 53 Oh St 575, (1895)** was a case where Murray was a passenger in a street car. There was a collision between such street car and some cars of the Railroad Co. at a crossing. Suit was brought against both the Street Railway Co. and the Baltimore & Ohio S. W. Ry. Co., and a verdict rendered against both defendants, and judgment entered thereon. Such judgment was affirmed both by the Circuit Court and the Supreme Court. At page 579, the court said, per Burket, J.:

"The court also charged the jury that both railroad and street railway might be found guilty of the wrongful act causing the injury, if both were concurrent in point of time and fact, and the wrongful act of each was the direct and proximate cause of the injury."

Before considering other matters let us turn to some earlier decisions of our own Court of Appeals and its predecessor, the Circuit Court.
**Cincinnati Traction Co. et v Wynne, 25 C.C. (N.S.) 49, (1915).** This arose out of a collision between a street car and an express wagon on which a boy helper was on the rear, resulting in his being injured. There was a joint verdict against the Traction Co. and the Express Co. Affirming a judgment on such verdict, the court said, per Gorman, J., at page 53:

"We are of the opinion that the traction company and the express company were joint tort feasors in this case, and that the case of **Kopp v B. & O. R. R. Co., 6 C.C. (N.S.) 103,** affirmed by the Supreme Court, **70 Oh St 436,** and the case of **Street Ry. Co. v Murray, 53 Oh St 570,** as well as other cases of a similar kind, support this claim of the defendant in error that the plaintiffs in error were joint tort feasors."

Said affirmance of the Kopp case was in **71 Oh St 484,** not **70 Oh St 436.**
Kopp v B. & O. S. W. Ry. Co., cited by Judge Gorman was decided in 1903, the opinion being by Giffen, J.
An examination of the record of that case in the Common Pleas Court, and numbered 120936, shows that the action was commenced against both the B. & O. S. W. Ry. Co. and the Cincinnati Traction Co. The Traction Company was dismissed without prejudice. The case involved a collision between a street car, in which Clara Kopp was a passenger, and a railroad car at a crossing. In reversing a directed verdict for the Railroad Co. the court said at page 104:

"At the very time that it became the duty of the railroad company to lower its gates to indicate the approach of a train, it was also the duty of the street railway company by its employee to go ahead and see if the way was clear. The failure of each of the companies to perform such duty, concurred one with the other in causing the accident. There was no appreciable difference in the time when the failure to perform the duty by the respective companies occurred. The two ran together, and were the direct cause of the collision."

**Railway Co. v Pritz, Admr., 1 Oh Ap 119,** (1913) was an action for the death of a passenger upon a car of the Cincinnati Traction Co., killed by a collision between such car and a train of the Railway Co. at a crossing. Separate suits were brought against the Traction Co. and the Railway Company. In affirming a judgment against the Railway Company the court said, per Jones, J., at page 122:

"It has been repeatedly held in this state that a crossing accident such as the one under consideration is the result of the concurrent negligence of the street car employees and the railroad employees, and that both companies are therefore liable. **Cincinnati Ry. Co. v Murray et, 53 Oh St**

570; Toledo Con. St. Ry. Co. v Fuller, 17 C. C. 562; 9 O C.D. 123; Kopp v B. & O. S. W. Ry. Co., 1 C.C. (N.S.) 596, 25 C.C. 546, affirmed 71 Oh St 484."

Commissioners v Shurts, Admr., 10 Oh Ap 219, was an action for the death of a man who fell off an abutment to the bank of a river. The action was against both the village of South Lebanon and the county commissioners of Warren County. Defendants filed demurrers for misjoinder and the same were overruled. There was a verdict against both defendants and a judgment thereon was affirmed by the Court of Appeals. The court held that the case fell within the rule of neglect to perform a duty resting upon two or more persons, and that the joinder of defendants was not improper. At page 221 the court said, per Shohl, J.:

"The conflict of judicial opinion on the subject of joint tort is set out in 1 Cooley on Torts (3 ed.) 246, In some cases it has been stated that where separate acts are committed by separate persons, although a single injury is inflicted, the parties can not be held jointly liable to the person injured. The rule has never been followed to that extent in this state."

Decisions of other Ohio courts upon the point involved herein are as follows:

King v Railway Co. and Traction Co., 13 N.P. (N.S.) 201, (1911).—This was a suit by a passenger upon a street car who was injured by a collision between such street car and a car of the Railroad Co. at Rockwood crossing. In overruling a general demurrer of the Railway Co. to the petition, Gorman, J., said at page 208:

"It appears to the court that the proper rule to apply is to submit to the jury the question of whether or not any or all of the alleged negligent acts of the defendant contributed to bring about the plaintiff's injury, and if only those negligent acts alleged against the street car company produced the injury, then the street car company should be held liable by the jury; or, if the alleged negligent acts of the street car company did not bring about the plaintiff's injury, but only the alleged negligent acts of the railway company, then the railroad company should be held liable and not the street car company. Or, if the jury should find that it was the concurring negligent acts of both of the defendants which contributed to plaintiff's injury, then both should be held liable by the jury. Or, if the alleged negligent acts of neither failed to bring about or contribute to the plaintiff's injury, then neither of the defendants should be held liable by the jury."

Toledo Consolidated Street Ry. Co. v Fuller et, 17 C.C. 562, (1894).—This was an action by a passenger in a street car, who was injured by a collision between the street car and a railroad car at a crossing. Both the Street Railway Co. and the Railroad Co. were sued and a verdict and judgment rendered against both. At page. 573, the court said, per Haynes, J.:

"Some question was made with regard to the liability of the steam railway company; but under the decision that I have already read, in Railway Co. v Schneider, supra, we do not see how the two companies can escape liability; at least we think the jury was right in holding that they were liable for negligence contributing to this accident."

Halas v Cavanaugh et, 15 Oh Ap 98, (1921). In this case Halas was a passenger for hire in the automobile of Uhl. There was a collision between such automobile and that of Cavanaugh. Both Uhl and Cavanaugh were sued. The trial court ordered plaintiff to elect against which of the defendants he would proceed, and upon his refusal to elect, dismissed the petition. In reversing the judgment the court said, per Ingersoll, J., at page 100:

"Here we have two parties so negligently operating their automobiles at the same time that by a combination of their acts the plaintiff was injured. The two acts were concurrent and jointly contributed to plaintiff's injury, according to the allegations of the petition, and it seems to us that they come clearly within the law laid down by the foregoing authorities."

Lehrer v Cleveland Ry. Co. et, 20 N.P. (N.S.) 481 (1918).—Here there was a collision between an invalid carriage, operated by Rosenstein, and in which plaintiff was being conveyed from the hospital, and a car of the Cleveland Railway Co. Both parties were joined. At page 482 Foran, J., said:

"As each of the defendants owed the plaintiff a common duty to exercise ordinary care in crossing through this intersec-

tion, the defendants were properly joined as joint tort feasors."

At page 484 he said:

"The rule is well settled and undoubtedly is, that where damage is caused by the joint or concurrent wrongful acts of two or more persons, they may be prosecuted therefor jointly or severally. The doctrine is supported by numerous authorities in this state, and is so well settled that it is hardly necessary to refer to these authorities at length. See **Transfer Co. v Kelly, 36 Oh St 86; Pennsylvania Oil Co. v Snyder, 55 Oh St 342.**"

**Schultz v Brunhoff Manufacturing Co., 22 Oh Ap 220 (4 Abs 565) (1926).** The language of the court per Hamilton, J., at page 225, bears out what we shall hereafter say concerning the terms "concurrent," "joint," and "combining." He said:

"In the case of two concurrent joint tort feasors, liability is several. The party aggrieved may sue either or both."

Considering now the Supreme Court decision relied upon in the opinions in the Hudson and the Davies cases, we note the following:

**Bello v City of Cleveland, 106 Oh St 94,** (1922).—Bello was a private policeman While walking on the sidewalk he fell into an open unguarded and unmarked excavation, which excavation was filled with a scalding substance. He was injured and brought suit against Bardons & Oliver, the abutting property owners. He entered into a written agreement with them settling such suit for $2450, agreeing to abstain from any further action against said parties and dismissing such case. Thereafter he brought suit against the City of Cleveland for failure to discharge its statutory duty under §3714, **GC,** which requires municipal corporations to cause streets, etc., within the corporation to be kept open, in repair, and free from nuisance. At the close of plaintiff's testimony a verdict was directed for the city of Cleveland and judgment entered in its favor. The Court of Appeals affirmed such judgment. This judgment was affirmed by the Supreme Court.

While the opinion of Marshall, C. J., at page 103, states that a distinction has been made between those torts which are designed as concurrent and related, on the one hand, and those which are joint, on the other hand, nevertheless the gist of

the decision affirming the lower court is found on page 104, and is as follows:

"Though the plaintiff in this controversy might have a cause of action against both the city and Bardons & Oliver, the grounds of action would be essentially different and separate, and based upon different allegations of fact and different principles of law. The authorities already referred to establish the proposition that there can be no joint action unless there is joint liability and joint liability can only exist where there is concert of action in pursuit of a common interest. Where separate tortious acts have been separately done, and only a single injury inflicted, the parties must be sued separately. If Bardons & Oliver have committed any tort, it consists in a want of ordinary care in the installation or maintenance of its pipes, or in some possible active and overt act resulting in escaping steam at the place where plaintiff received his injuries. The city's tort, if any, is in failing to discharge a duty imposed by §3714, **GC.** The abutting property owner, in his relation to the streets and sidewalks, only owes the duty not to create a dangerous situation. The city owes the duty not to knowingly permit one to exist, whether it be caused by its own agents and servants or by other persons."

We shall hereafter consider some of the language just quoted, but it is sufficient to point out that that case does not sustain the defendant in the case at bar, because the basis of the decision is that the rights of plaintiff against the city and against Bardons & Oliver grew out of different relationships to plaintiff.

**Stark County Agricultural Society v Brenner, 122 Oh St 560,** (1930).—In that case. Brenner was injured by the explosion of a firecracker picked up on the grounds of the Agricultural Society. He brought suit against the Agricultural Society, the Veterans of Foreign Wars and DeMichele, who was conducting a fireworks manufacturing business. It appeared that the Veterans of Foreign Wars held an entertainment on the grounds of the Agricultural Society and that DeMichele furnished the fireworks. All three defendants were alleged to be joint tortfeasors. The Agricultural Society and the Veterans of Foreign Wars were served in Stark County, where the action was filed. Summons was issued against DeMichele and served upon him in Summit County. At the close of all the testi-

mony plaintiff dismissed the Veterans of Foreign Wars. A verdict was rendered against the Agricultural Society and De-Michele and judgment thereon entered and affirmed by the Court of Appeals. The Supreme Court held that DeMichele was not jointly liable with the Agricultural Society and reversed the judgment as to him. Final judgment was entered in favor of the Agricultural Society. Syllabus 3 is as follows:

"Joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose and where the want of care of each is of the same character as the want of care of the other."

Marshall, C. J., in his opinion points out that there was no privity of contract between the Agricultural Society and DeMichele. He also points out that the negligence, if any, of the Agricultural Society was of a different character from that of DeMichele. He concludes that the same principle was involved as in the Bello case. In our opinion neither the Brenner nor the Bello case sustains the proposition urged by defendants in instant case. At all events if the distinction pointed out is not a well grounded differentiation, then those two cases are inconsistent with the later pronouncement of the Supreme Court in the Maloney case.

In our opinion the expressions of Chief Justice Marshall that in order to create a joint liability there must be concerted action are purely obiter dicta, and are without foundation upon well considered legal principles. Concerted action, we respectfully submit, is only applicable to cases where liability is founded upon the doctrine of joint enterprise. In such cases there is either an express unanimity of design, or such concerted action is necessarily implied from the facts.

Chief Justice Marshall, in his opinions which evinced not only ability, but that they were well considered, usually employed direct and explicit expressions in stating legal principles. In the two cases just considered it is submitted that he employed a convenient and comprehensive expression when he spoke of concerted action, but such expression was wholly inapplicable to decisions in which the principle was announced that there can be no joinder where the liability of parties was of a different character or grew out of different relationships of the injured party to the tortfeasors.

Moreover, to talk of concerted action in a case where a recovery is sought for negligence, involves the doctrine of wilfulness or wantonness and justifies punitive or exemplary damages, if there is such concerted action.

It seems to us that when two parties act in concert in the execution of a common purpose there is design and intention, and where such feature is present it amounts, in our opinion, to wantonness or wilfulness.

As early as 1897 the Supreme Court in Morris v Woodburn, 57 Oh St 331, had pointed out the grounds for the distinction between instant case and the Bello and Brenner cases. At page 334, Shauck, J., said:

"But while the tort of the city consisted in the failure to discharge a duty imposed by statute, that alleged in the amended petition against Mrs. Morris, consisted in the creation of a nuisance, dangerous to those using the walk. These are concurrent and related torts, but they are not joint. In view of their independent character, the plaintiff might, at her election, maintain her action against either the city for its omission of duty, or against Mrs. Morris for the creation of the nuisance which occasioned hes injury."

Likewise, in 1909, the same distinction was made in Village of Mineral City v Gilbow et. 81 Oh St 263, wherein a party injured by falling into a pit along the sidewalk sued both the city and the abutting owner. The lower court overruled a demurrer by the city for misjoinder. Such action was reversed by the Supreme Court. In the opinion at page 262, Davis, J., said:

"There was a misjoinder in this action. In the amended petition the complaint against the lot-owner is that he maintained upon his premises a dangerous pit, which encroached upon the sidewalk; and that he wrongfully and negligently failed to guard the same by barrier, light or other precaution. This is not complained of the village and manifestly does not affect or concern it. The charge against the village is that it knowingly permitted the sidewalk to be in a dangerous condition, without any barrier between it and the pit or retaining wall on the abutting premises. This is an entirely different cause of action from that alleged against the abutting owner; and if both were sustained by the evidence, they would at best be only concurrent and not joint acts."

Our conclusion, from a consideration of the foregoing, is that we are constrained from following the dictum of our own Court of Appeals in the Hudson case, on account of the decision in the Malone case, and the overwhelming and almost universal decisions of circuit courts and Courts of Appeals, and other courts of this state.

To the list of cases hereinbefore discussed we might add that decisions of other courts to the effect that the joinder of the parties in instant case is proper, will be found collected in 16 A.L.R., p. 465: 42 Corpus Juris, p. 1130, §903; 45 Corpus Juris, p. 895, §476; Cooley on Torts, 4th Ed., §52 and §86; see also note 12 University of Cincinnati Law Review, p. 103.

Having disagreed with the expression of our Court of Appeals in the Hudson case, in deference to that eminent court, we deem it not improper to add the following observations:

Sec 11255, GC, provides:

"Any person may be made a defendant who has or claims an interest in a controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of a question involved therein."

It seems to us that viewed in the liberal spirit of our code of procedure in Ohio, it is desirable in order to avoid a multiplicity of suits, that the joinder of parties in a case where the facts are similar to those of the one at bar should be permitted. In such case the verdict will either be joint against both tortfeasors, or it will be against the one whose sole negligence was the proximate cause of injury, or it will be in favor of both defendants.

It is argued that such joinder is unfair because the negligence of the two defendants may be of varying degrees and that there is no contribution between tortfeasors and that a verdict against two defendants does not apportion the amount to be paid by them severally. However, justice gives the answer that the result is the penalty of misconduct.

It is also argued that different rules concerning the negligence of defendants must be given to the jury; that is to say, that ordinarily the carrier of a passenger is held to a higher degree of care than the operator of the other colliding vehicle. However, more difficulty in giving instructions to a jury should not be regarded any more than we regard the difficulty in instructing a jury in a case where there are two defendants and both are responsible for compensatory damages, while one may be additionally responsible for punitive damages. Two verdicts are given in such case. See Mauck v Brundage et, 68 Oh St 89, syllabus 4; Cahill v Fidelity & Casualty Co. et, 37 Oh Ap 444; Almond v Rubenstein and Columbia Casualty Co., 25 N.P. (N.S.) 101.

Legal terminology, unfortunately, is not as specific as terms used in medicine and other sciences and in the arts. Both courts and lawyers use the expressions "joint negligence," "concurrent negligence" and "combined negligence" at times as if they were different, and at other times all expressions are used as synonymous. If one examines the definitions of these words in Funk & Wagnall's Standard Dictionary, Webster's International Dictionary, the Century Dictionary, and Roget's International Thesaurus of English words and Phrases, it will be found that the expressions are used similarly to denote the same state of facts. We venture the suggestion that these terms be held to denote the same character of negligence, namely a combination of conduct ending in one result and occurring at the same time and place; that, on the other hand, where the conduct of the respective parties grows out of a different relationship to the injured person, or the result is not brought about at the same time and place, then the proper expression to be applied to the conduct of the respective parties is that the negligence of each was a contributing cause of the event.

Illustrating this suggestion by concrete examples let us mention the following:

Two employees of a warehouse are pushing a large hogshead across the sidewalk, resulting in knocking down and injuring a pedestrian. Clearly this is the joint, concurrent or combined negligence of the two employees.

Likewise, if each of two employees is pushing a hogshead in opposite directions on the sidewalk and the hogsheads catch between them a pedestrian, who is injured, this is also clearly the joint, concurrent or combined act of the two employees.

On the other hand, let us take the case of a pedestrian who was knocked down by a vehicle and thrown into the street. If thereafter another vehicle comes along, not under control, and by reason thereof and failure to observe the injured party lying in the street, runs over him, the act of the two parties is not a joint, concurrent or combined act. It seems to us that the proper expression to apply is that the conduct

of each of the operators of the vehicles contributed to the injury. Clearly in such a case there could be no joinder of the parties in a suit, but each of the parties is severally liable for his conduct to the injured person.

In support of our statement as to the terms "joint" and "concurrent" being used together or as synonyms, we point out that in the case of Davis v Seasley the allegation of the petition was one of "joint and concurrent negligence of both defendants."

In the Sayles case the allegation was "which negligence of each concurred in point of time and cooperated to produce said results."

In the Dash case the allegation was "the joint negligence of defendant, which concurring negligence proximately caused the injuries to plaintiff and resultant damages." The opinion of the court in that case uses this language:

"The separate acts of negligence of the defendants, combining and concurring caused the single injury to the plaintiff."

In the Maloney case the opinion refers to "alleged acts of concurrent negligence of a similar character on the part of both defendants jointly contributing to and proximately causing the collision and resulting injuries."

In the Kelly case the court's expression was:

"The wrongful acts of defendants below, the railroad company and the transfer company, were not only concurrent in point of time and place, but in such manner that the wrongful act of each was a direct and proximate cause of the injury complained of by plaintiff."

In the Murray case the court's expression was:
"The wrongful act causing the injury, if both were concurrent in point of time and fact."

In the Wynne case it is said:
"The traction company and the express company were joint tort feasors."

"The failure of each of the companies to perform such duty concurred one with the other in causing the accident."

In the King case the court said:
"It was the concurring negligent acts of both of the defendants which contributed to plaintiff's injury."

In the Halas case the court said:
"The two acts were concurrent and jointly contributed to plaintiff's injury."

In the Lehrer case the court said:
"The joint or concurrent wrongful acts of two or more persons."

Decisions of the English courts have not been referred to and are inapplicable to the question discussed herein, for the reason that by rule of court governing the practice in England it is expressly provided:

"All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally, or in the alternative."

It might be added that the new rules of procedure in the Federal courts likewise provide:

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally or in the alternative, any right to relief in respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences. * * * Judgment may be given against one or more according to their respective liabilities."

This opinion might be further extended and has only been so elaborated in view of the respect due from this court to the reviewing court. It is deemed that sufficient reasons have been given why the demurrers in instant cases should be overruled.