**CONNORS v CINCINNATI ST RY CO et**

Ohio Common Pleas, Hamilton Co

Decided Nov 28, 1938

John A. Scanlon, Cincinnati, for plaintiff.

Leo J. Brumleve, Jr., Cincinnati, for Street Railway Co.

August A. Rendigs, Jr., Cincinnati, and William H. Frey, Cincinnati, for Weber, Administrator.

## OPINION

By MACK, J.

This case, according to the petition, grows out of a collision between a street railway car and an automobile driven by Russell Mangold, on the left half of Harrison Avenue, a two way roadway, the plaintiff's intestate being a passenger or guest in the automobile driven by said Russell Mangold, who has since deceased, it being alleged that the collision resulted in the death of plaintiff's decedent.

In the petition it is alleged that both said Russell Mangold and the defendant street railway company, through its motor-man, could see each other for more than one-fourth of a mile; that "each and both failed to exercise any care, and each and both had full knowledge of the surrounding circumstances and existing conditions, and that his conduct would in all common probability result in injury". It is concluded that "the wanton misconduct of each concurred in point of time and place, and cooperated to produce the injury to plaintiff's decedent".

On behalf of the street railway company a demurrer is filea, on the ground that the petition fails to state a cause of action; misjoinder of causes of action; misjoinder of parties defendant.

Heretofore in the case of Tishler v Taxicabs of Cincinnati et, 11 O.O. 17, this court has had occasion to decide at great length the circumstances under which there can be a joinder of alleged tort feasors. See also note, 11 O.O. page 126.

While plaintiff's intestate might have a cause of action against the street railway company growing out of ordinary negligence, nevertheless by the provisions of §6308-6, GC, plaintiff's intestate, being a passenger or guest, could have no action against his host or his estate except where "such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of such motor vehicle."

It is strenuously urged on behalf of the street railway company that the allegations of the petition either amount to ordinary negligence, in which case there could be no joinder of the host of the plaintiff's intestate, or that the allegations of the petition concluding that each of defendants was guilty of wanton misconduct are conclusions unwarranted by the facts alleged.

We are unable to agree with either of these arguments for the following reasons:

First, by the decision of our Supreme Court in Reserve Trucking Co. v Fairchild, 128 Oh St 519, wanton knowledge is when "the wrongdoer has knowledge of the great probability of harm to the person which the exercise of care might avert and exhibits a reckless disregard of consequences."

Likewise, in the subsequent case of U. C. Pipe Co. v Bassett, 130 Oh St 567, 5 O.O. 214, wanton misconduct is defined as

"Such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act, or failing to act, must be conscious, from his

knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury." (Emphasis ours).

In the recent case of **Vecchio v Vecchio, 131 Oh St 59, 5 O.O. 368,** it is again repeated that there should be an unequivocal allegation of knowledge of the fact that the conduct would result in injury.

In the case of **Clifton Hills Realty Co v Cincinnati, 12 O.O. 418,** our Court of Appeals, in reversing a decision of this court used the following language, per Matthews, J., at page 422:

"We find no disagreement with these principles in the opinion of the learned trial judge. However, he reached the conclusion that the allegations of arbitrariness and unreasonableness were mere legal conclusions without any substantial allegations of fact to support them. In that respect we think he erred. As will be seen from the summary of the allegations which we have made, the plaintiff has alleged in considerable detail facts contradicting any possible inference that this amendment was enacted to promote some object coming within the police power of the city, and, then the action is characterized as arbitrary and unreasonable. Upon demurrer, these allegations must be accepted as facts and, if so, they disclose an invasion of the constitutional rights of the plaintiff. The statement of the trial court that good and sufficient reasons for this rezoning may well be imagined, might be justified by the evidence at the trial upon the facts, but is inadmissible upon demurrer in the presence of the positive allegations of fact in the amended petition. "

In other words whether the proof in instant case will justify the statement that each of the parties could see each other for more than one-fourth of a mile and that both had full knowledge that his conduct would in all probability result in injury, is beside the matter upon the consideration of the deumrrer. This court under the decision last cited has no right to say that the conclusion that each of the parties was guilty of wanton misconduct is without any substantial allegations of fact to support such conclusion. Inasmuch as the petition, in the opinion of this court, charges each of the parties with such conduct as amounts to wanton negligence or misconduct, there is no misjoinder of parties or of causes of action; nor is it the court's opinion that the petition fails to state facts sufficient to constitute a cause of action against the street railway company.

While it is true, as said by the famous Justice Oliver Wendel Holmes, in Hamilton v West End Street Railway Co., 163 Mass. 200, "a horse car cannot be handled like a rapier" nevertheless this refers to the fact that a street car can not turn away from its tracks, but does not mean that the operator of a street car can not be guilty of wanton negligence in proceeding under properly alleged circumstances in continuing the operation of the car with full knowledge that such operation would in all-common probability result in injury.

In this court's opinion in Tishler v Taxicabs of Cincinnati, supra, the rule is recognized that where one of two alleged tort feasors is sought to be held liable on common law grounds, and the other by reason of express enactment imposing liability, there can be no joinder. We have not overlooked that defendant, the Cincinnati Street Railway Company's liability herein, if any, is urged on common law grounds, while the liability of Mangold's estate, if any, is mentioned as an exception in §6308-6, GC. Nevertheless that fact does not prevent joinder for the following reason:

Before the enactment of said General Code provision the liability of Mangold, the host of plaintiff, was a common law liability for damages either on account of ordinary negligence, or damage for wanton negligence; in the former of which cases contributory negligence is a defense, and in the latter of which instances contributory negligence is no defense. In our opinion the terms of such General Code enactment expressly provide only for non-liability of the host where there is ordinary negligence, and leave in full force and effect the common law liability of the host, where there is wilful or wanton negligence, with its rule in full force that in such event contributory negligence is no defense.

The liability sought to be imposed herein both upon the street railway company and the administrator of Mangold (host) is upon like grounds, viz., wanton negligence preventing the assertion of contributory negligence as a defense.

In our opinion the language of §6308-6, GC, "unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible

for the operation of said motor vehicle", does not create a liability theretofore non-existent. Upon the contrary, it leaves in full force and effect a pre-existent liability. Such Code provision simply extinguishes the pre-existent common law liability for ordinary negligence.

It is true that in Ohio there is no distinction between ordinary and gross negligence, but there is a distinction between such negligence on the one hand and wilful or wanton negligence on the other hand only to the extent that in the latter instance contributory negligence is no defense.

It follows from the foregoing that the demurrer to the petition will be overruled.

Defendant, the administrator of Mangold moves the court to strike from the petition the stated allegations which the court in instant case holds to be the facts from which the conclusion of wanton misconduct is drawn. Said motion will be overruled for the reason that the allegation of said facts is, in the opinion of the court, necessary to warrant the conclusion that each of the parties was guilty of wanton misconduct.