### ANNIS v GROTE, et

Common Pleas Court, Hamilton Co

Decided April 1, 1939

Pogue, Hoffheimer & Pogue, Cincinnati, for Dorothy Grote.

William P. Hohmann, Cincinnati, for plaintiff.

### OPINION

By MACK, J.

Plaintiff, a guest in the automobile of defendant Dorothy Grote, seeks to recover damages for alleged injuries sustained in a collision between such automobile and that of defendant Robert Purcell at intersecting streets.

It is alleged that said Dorothy Grote was guilty of wanton misconduct, and that the defendant Robert Purcell was guilty of negligent conduct, in the operation of their respective automobiles.

Defendant Dorothy Grote demurs to the petition for misjoinder of causes of action; that separate causes of action against several defendants are improperly joined; that there is no allegation that defendants acted jointly or in concert.

This court in Tischler v Taxicabs of Cinnati, et, 11 OO 17, considered at great length the subject of joinder of alleged tortfeasors. That was a case of a passenger in a taxicab suing the taxicab company and a bus company for injuries sustained by reason of the collision between such taxicab and a bus of the bus company.

In answering the argument in such case that there should be no joinder because the rule relating to the duty of the one defendant was different from that relating to the duty of the other defendant, the court said at page 24:

"It is argued that different rules concerning the negligence of defendants must be given to the jury; that is to say, that ordinarily the carrier of a passenger is held to a higher degree of care than the operator of the other colliding vehicle. However, mere difficulty in giving instructions to a jury should no₀ be regarded any more than we regard the difficulty in instructing a jury in a case where there are two defendants and both are responsible for compensatory damages, while one may be additionally responsible for punitive damages. Two verdicts are given in such case."

In that case we also recognized a difference between a combination of conduct ending in one result and occurring at the same time and place, on the one hand, and on the other hand, where the conduct of the respective parties grows out of a different relationship to the injured person, or the result is not brought about at the same time and place.

An instance of such different relationship to the injured party is where a plaintiff seeks to hold one defendant liable for common law negligence, and another defendant by reason of express statutory enactment imposing liability under the particular circumstances.

After the Tischler decision this court had occasion to pass upon the right to join defendants in the case of Conners, Admx. v Cincinnati Street Railway Co. and George Weber, Admr., 13 OO 72, 27 Abs 651. That was a case where the administratrix of the guest sought to recover for the death of her decedent by reason of a collision between the automobile of the host and a car of the street railway company. Both the street railway company and the administrator of the host were joined as defendants. As to both defendants it was alleged that the collision occurred through wanton misconduct, the allegation being "the wanton misconduct of each con-

curred in time and place and cooperated to produce the injury to plaintiff's decedent."

It was urged against such joinder that the liability of the street railway company, if any, was on common law grounds while the liability of the host's estate, if any, is mentioned as an exception in §6308-6 GC. In overruling a demurrer for misjoinder in that case this court said:

"Before the enactment of said General Code provision the liability of Mangold, the host of plaintiff, was a common law liability for damages either on account of ordinary negligence, or damage for wanton negligence; in the former of which cases contributory negligence is a defense, and in the latter of which instances contributory negligence is no defense. In our opinion the terms of such General Code enactment expressly provide only for non-liability of the host where there is ordinary negligence, and leave in full force and effect the common law liability of the host where there is wilful or wanton negligence with its rule in full force that in such event contributory negligence is no defense.

"The liability sought to be imposed herein both upon the street railway company and the administrator of Mangold (host) is upon like grounds, viz., wanton negligence preventing the assertion of contributory negligence as a defense.

"In our opinion the language of §6308-6, GC 'unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle,' does not create a liability theretofore non-existent. Upon the contrary, it leaves in full force and effect a pre-existent liability. Such code provision simply extinguishes the pre-existent common law liability for ordinary negligence.

"It is true that in Ohio there is no distinction between ordinary and gross negligence, but there is a distinction between such negligence on the one hand and wilful or wanton negligence on the other hand only to the extent that in the latter instance contributory negligence is no defense.

"It follows from the foregoing that the demurrer to the petition will be overruled."

The demurrer in instant case calls for a determination as to whether in a case where a guest in an automobile is injured by collision between such automobile of his host and that of another party in an intersection, both the host and such third party be sued where it is claimed that the host was guilty of wanton misconduct, and the third party was guilty of simple common law negligence? As pointed out in the decision in the Conners case, the liability of both defendants is a common law liability. As to the host, there can be no plea of contributory negligence by him. As to the third party, while the negligence of the host can not be imputed to the guest, nevertheless under certain circumstances contributory negligence might be pleaded as a defense. This is not a case where the liability of one party is a common law liability and that of the other is one imposed by statute. It is an instance of an attempt to hold both defendants liable for common law liability, the host being barred from pleading contributory negligence.

As pointed out in the Tischler case mere difficulty in instructing the jury as to the rule applicable to the respective defendants should not prevent joinder.

As to the third ground of demurrer, it is our opinion that an allegation that defendants acted jointly or in concert is only necessary where it is sought to recover punitive or exemplary damages from the defendants by reason of wilful or wanton negligence.

It follows that in our opinion the demurrer to the petition should be overruled.