Stephenson, J.
 

 The parties will be referred to as plaintiff and defendant as they stood in the trial court.
 

 As this cause was filed after the operative date of. the so-called “Guest Statute,” it was necessary for plaintiff to bring herself within the purview of that act.
 

 She was a guest of the defendant at the time of injury, and unless she alleged wilful or wanton misconduct on the part of the defendant as the proximate cause of her injuries, she would be out of court on demurrer before she had fairly started, so she employs the following specifications of negligence, viz.:
 

 “(1) Defendant was careless and wantonly negligent in failing to close the door of the said automobile securely.
 

 “(2) Defendant was careless and wantonly negligent, when in the eiercise of ordinary care, she knew or ought to have known, that the said door of said automobile was not closed securely, in proceeding to operate and put said automobile into motion.
 

 “(3) Defendant was careless and wantonly negligent in failing to slacken the speed of said automobile before making the sudden, sharp turn.
 

 
 *64
 

 “(4)
 
 Defendant was careless and wantonly negligent in making a sudden, sharp turn at such a fast and unreasonable rate of speed.
 

 “(5) Defendant was careless and wantonly negligent, when in the exercise of ordinary care, she knew or ought to have known that in making a sudden sharp turn at such a fast and unreasonable rate of speed, would cause plaintiff to he thrown against the said door of said automobile, so as to cause said door to open, and precipitate plaintiff to the ground.”
 

 On these allegations the plaintiff must stand or fall. This court recently held, in the case of
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett,
 
 130 Ohio St., 567:
 

 “Mere negligence is not converted into wanton misconduct by the use of the word ‘wanton’ in connection with the specifications of negligence. If wanton misconduct is relied upon for recovery in an action for damages for personal injury, facts must he pleaded which reveal on their face the element of wantonness.” In the same case “wanton misconduct” was defined as follows:
 

 “Wanton misconduct is such conduct as manifests a disposition to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury.”
 

 Let us apply the law announced in that case to the allegations of this petition.
 

 The word “wantonly” is used with reckless abandon in the specifications of negligence, and its evident purpose is to intensify the negligence therein alleged.
 

 It was held in the third paragraph of the syllabus in the case of
 
 Universal Concrete Pipe Co.
 
 v.
 
 Bassett, supra,
 
 that “wanton negligence” was a misnomer. However, were the petition in the instant case other
 
 *65
 
 wise
 
 good,
 
 we would not permit the misuse of the term to nullify it.
 

 Every negligence case has a nucleus about which the case is constructed. We find the nucleus in this case in the following allegations, viz.: That defendant negligently closed the door of the automobile and thereafter drove it at an unreasonably fast rate of speed while making a sharp left turn, whereby plaintiff was thrown against the insecure door which opened and she was thereby precipitated to the ground and injured.
 

 Had it not been for the insecure door there would have been no injury, according to plaintiff’s pleading, as she alleged that she was injured by being precipitated to the ground. Now there would be no liability on the part of defendant in this case unless she knew that the door of the automobile was insecurely fastened, and unless such fact was alleged in plaintiff’s petition it would not be good as against demurrer.
 

 An attempt is made in the narrative part of the amended petition to allege knowledge on the part of defendant, in the following words: “The defendant, well knowing and being in a position to know that said door was not closed securely, wantonly put said vehicle in operation.”
 

 Whatever virtue lies in this allegation is neutralized in the second specification of negligence, wherein plaintiff states that “Defendant was careless and wantonly negligent,
 
 when in the exercise of ordinary care she knew or ought to have known,
 
 that the said door of said automobile was not closed securely, in proceeding to operate and put said automobile into motion.” (Italics ours.)
 

 The insecurely fastened door was an existing condition of which defendant must have had knowledge in order to fix liability upon her primarily, and with such knowledge she must have known that the subsequent operation of the automobile would in all common prob
 
 *66
 
 ability result in injury to her guest, before recovery against her would be warranted.
 

 The amended petition herein, because of its failure to unequivocally allege knowledge of the aforesaid existing condition on the part of defendant, fails to fix and fasten liability upon the defendant and for such reason is demurrable.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.