ZALEWSKI, APPELLANT, *v.* YANCEY, APPELLEE.

502 

(No. 4919—Decided May 28, 1956.)

*Mr. John G. Rust,* for appellant.
*Mr. William A. Finn,* for appellee.

FESS, J. A motion to strike a number of allegations from the petition was treated, by consent of the parties, as a demurrer and was sustained. Plaintiff having elected not to plead further, the petition was dismissed. From such judgment, plaintiff appeals on questions of law.

In substance, the petition alleges that defendant took plaintiff as a guest to a social affair at Sunningdale Golf Club, where they played golf, and, before and after dinner, defendant consumed a number of drinks, "so that when defendant started to drive the plaintiff home about 12:40 a. m., he was under the influence of intoxicating liquor to the extent that he could not operate an automobile safely, although the same was unknown to plaintiff, and defendant also was tired and sleepy." As defendant drove his automobile, in which plaintiff was a passenger, upon a main highway, he, by reason of his tired, sleepy and intoxicated condition, permitted his car on two occasions to swerve to the left-hand side of the highway, narrowly missing a truck approaching from the opposite direction; but, upon being warned by plaintiff, he was able to direct his car back to the right side of the road. Thereafter, defendant slowed down to a speed between 30 to 35 miles per hour, but "passed out" and lost control of the car, causing it to strike the right curb of the highway and collide with a utility pole located south of the road.

The sole question for determination is whether, construing the allegations of the petition in the most favorable aspect, it alleges that the injury complained of proximately resulted from wanton misconduct of the defendant in the operation of his motor vehicle.

"Wanton misconduct" is such conduct as manifests a dis-

position to perversity, and it must be under such surrounding circumstances and existing conditions that the party doing the act or failing to act must be conscious, from his knowledge of such surrounding circumstances and existing conditions, that his conduct will in all common probability result in injury. *Universal Concrete Pipe Co.* v. *Bassett*, 130 Ohio St., 567, 200 N. E., 843, 119 A. L. R., 646 (modifying *Higbee Co.* v. *Jackson*, 101 Ohio St., 75, 128 N. E., 61, 14 A. L. R., 131, with respect to the use of the phrase "wanton negligence"); *Masters* v. *New York Cent. Rd. Co.*, 147 Ohio St., 293, 70 N. E. (2d), 898; *Helleren, Admx.*, v. *Dixon*, 152 Ohio St., 40, 86 N. E. (2d), 777.[1]

For example, wantonness can not be predicated upon speed alone; but when the concomitant facts show an unusually dangerous situation and a consciousness on the part of the driver that his conduct will in common probability result in injury to another of whose dangerous position he is aware, and he drives on without any care whatever and without slackening his speed, in utter heedlessness of the other person's jeopardy, speed plus such unusually dangerous surroundings and knowing disregard of another's safety may amount to wantonness. *Morrow* v. *Hume*, 131 Ohio St., 319, 3 N. E. (2d), 39; *Akers* v. *Stirn*, 136 Ohio St., 245, 25 N. E. (2d), 286; *Vecchio* v. *Vecchio*, 131 Ohio St., 59, 1 N. E. (2d), 624; *Universal Concrete Pipe Co.* v. *Bassett, supra.*

In a case not directly involving the guest statute, it has been said that intoxication of a driver does not in itself constitute negligence upon which legal liability may be premised, but is only a remote circumstance reflecting upon the issue of negligence. *Cleveland Ry. Co.* v. *Owens*, 51 Ohio App., 53, 199 N.

---

[1]We are bound by the definition of the Supreme Court of Ohio, but regard the following as a more accurate and precise definition of wantonness:

A reckless or intentional disregard of the property rights or safety of others, implying, actively, a willingness to injure and disregard of the consequences to others, and, passively, more than mere negligence, that is, a conscious and intentional disregard of duty. *Brasington* v. *South Bound Rd. Co.*, 62 S. C., 325, 40 S. E., 665, 89 Am. St. Rep., 905; *Louisville & Nashville Rd. Co.* v. *Webb*, 97 Ala., 308, 12 So., 374; *Walldren Express & Van Co.* v. *Krug*, 291 Ill., 472, 126 N. E., 97, 98.

E., 607. Cf. 4 (Pt. 1) Blashfield Cyclopedia of Automobile Law & Practice, Section 2336.[2]

In *McCoy, Admr.,* v. *Faulkenberg,* 53 Ohio App., 98, 4 N. E. (2d), 281, although intoxication was alleged in the petition, no claim thereon was made at the trial, and no evidence of intoxication was introduced. Evidence tending to show one driving under the influence of alcohol or while intoxicated is properly admissible upon the issue of negligence.

Ordinarily, voluntary as well as involuntary intoxication is no defense in a criminal proceeding, and intoxication is no defense in a negligence action. If intoxication is not a defense to crime and does not excuse ordinary negligence, it should not relieve one from the consequences of a wrong greater than mere negligence—willful or wanton misconduct in heedless or reckless disregard of the safety of others. To hold otherwise puts a premium upon drunkenness. As aptly stated by the Supreme Court of Wisconsin, the driving of a car upon the highway by one intoxicated fully responds to all the elements necessary to constitute gross negligence, and the driving of a car by one in such condition betrays an absence of any care and indicates such recklessness and wantonness as evinces an utter disregard of consequences *Tomasik* v. *Lanferman,* 206 Wis., 94, 238 N. W., 857. Cf. *Scott* v. *Gardner,* 137 Tex., 628, 156 S. W. (2d), 513, 141 A. L. R., 50. In other words, drunkenness does not relieve a person from exercising the degree of care of a sober

[2]In *O'Rourke, Admx.,* v. *Gunsley,* 154 Ohio St., 375, 96 N. E. (2d), 1, cited by the defendant herein, there was a verdict and judgment for the plaintiff. Upon appeal to the Court of Appeals, the judgment was reversed with one judge dissenting. Later, the judgment of reversal was vacated and, thereafter, the judgment was affirmed with one judge dissenting in part and concurring in part. The members of the Court of Appeals were unanimous in holding upon authority of *Helleren* v. *Dixon,* 152 Ohio St., 40, that the acts of the defendant did not disclose willful or wanton misconduct under the guest statute. A majority of the court were of the opinion that plaintiff's decedent was a passenger and not a guest, and affirmed the judgment on the basis of negligence of decedent's driver. Upon defendant's appeal, the decisive question determined by the Supreme Court was whether the trial court was correct in submitting to the jury the question whether the plaintiff was a guest or a passenger. That case arose upon the evidence and is to be distinguished from the instant case arising upon demurrer.

man under the same circumstances. Ordinary care means that care which every prudent man would exercise under similar circumstances. In taking the conduct of a prudent man as a standard, reference is made to the normal man; that is, a sober man. Ordinary care is not measured by what every prudent drunken man would do under like circumstances, but what every prudent sober man would do under like circumstances. If ordinary care under certain circumstances would require a certain thing to be done or omitted to be done, the requirement is binding on a man, whether sober or drunk. *Powell* v. *Berry,* 145 Ga., 696, 89 S. E., 753, cited in *Cleveland Ry. Co.* v. *Owens, supra.*

Therefore, when an accident or injury is caused by the driver's acts or conduct which, if he was sober, would evince a heedless and reckless disregard of the safety of others, a question for the jury is presented as to whether such driver is guilty of wanton misconduct.

It is also observed that one who gets drunk, knowing that he is responsible for the driving of a motor vehicle and knowing that such vehicle in the hands of a drunken driver becomes a dangerous instrumentality to the public as well as his guest, could be found to be guilty of such willful as well as wanton misconduct as would proximately cause injury to his guest.[3]

In the instant case, the petition alleges that the defendant consumed a number of drinks; that in driving along the highway he veered on two occasions to the left side of the highway,

---

[3]"Willful misconduct" implies an intention or purpose to do wrong, an intentional deviation from clear duty or from a definite rule of conduct, and not a mere error of judgment. It imports either the doing of an act with specific intent to injure his passenger or, with full knowledge of existing conditions, the intentional execution of a wrongful course of conduct which he knows should not be carried out or the intentional failure to do something which he knows should be done in connection with his operation of the automobile, under circumstances tending to disclose that the motorist knows or should know that an injury to his guest will be the probable result of such conduct. The question whether the host driver intentionally drove the automobile with willful disregard of the probable results of such driving or whether he intentionally drove the automobile with knowedge, actual or implied, that serious injury would probably result to his guest, is ordinarily one of fact for the determination of the jury. *Tighe, a Minor,* v. *Diamond,* 149 Ohio St., 520, 80 N. E. (2d), 122.

narrowly missing a truck approaching from the opposite direction; and that, thereafter, he slowed down, "passed out" and drove off the right-hand side of the highway into a utility pole. Such allegations evince wanton misconduct, if applied to a sober driver, and, therefore, the petition states a cause of action under the guest statute against the defendant. Cf. *Kirk* v. *Birkenbach*, 22 Ohio Law Abs., 569, 32 N. E. (2d), 76, distinguishing *Reserve Trucking Co.* v. *Fairchild*, 128 Ohio St., 519, 191 N. E., 745.

At the trial, it will be incumbent upon the court to determine from the evidence of intoxication and the degree thereof, together with all other circumstances relating to the conduct of the defendant, whether reasonable minds could well differ as to whether the defendant was guilty of wanton misconduct. Should the court reach the conclusion that reasonable minds could differ upon the issue, the question will be submitted to the jury under appropriate instructions for its determination. At this stage of the proceedings, we conclude only that the allegations, liberally construed, state a cause of action.

It is hardly necessary to state that we do not attempt to decide whether the plaintiff may support his allegations by sufficient proof, or whether, at the trial, there may be adduced evidence upon the issue of assumption of risk or contributory misconduct on the part of the plaintiff.

A number of the allegations of the petition are improper and are subject to a motion to strike. Since we have concluded that the petition states a cause of action, the judgment is reversed, and the cause is remanded to the Common Pleas Court for redetermination of the motion to strike and for further proceedings according to law.

*Judgment reversed.*

CONN and DEEDS, JJ., concur.