**BOKON, Admr., Appellant,**

**v.**

**SIMS; J.C. Carletti, Inc., Appellee.**

[Cite as *Bokon v. Sims* (1991), 75 Ohio App.3d 443.]

Court of Appeals of Ohio,
Hamilton County.

No. C–890804.

Decided Aug. 7, 1991.

*Graydon, Head & Ritchey* and *Glenn V. Whitaker*, for appellant.
*Strauss & Troy* and *William K. Flynn*, for appellee.

*Per Curiam.*

Robert Bokon ("appellant"), as administrator of the estate of his deceased daughter, Michelle, filed an amended complaint against Brian Sims ("defendant") and J.C. Carletti, Inc. ("appellee"). Thereafter, the defendant answered the amended complaint and also filed a cross-claim against appellee seeking indemnification and contribution. The appellee filed a motion to dismiss the amended complaint pursuant to Civ.R. 12(B)(6). The appellee did not answer or otherwise move or plead in response to the cross-claim filed against it by the defendant. The appellant moved to amend his complaint further on June 19, 1989, and attached a document captioned "Second Amended Complaint and Jury Demand." There is some indication in the record from which we infer that the trial court conducted a hearing on appellee's motion to dismiss but there is no transcript of that proceeding contained in the record. There are also references to a letter from the trial judge to counsel in which he informed counsel that he would grant the motion to dismiss the amended complaint. That letter does not form a part of the record transmitted to this court but reference is made to it in appellant's memorandum in support of his motion for leave to file a second amended complaint.

On November 14, 1989, the common pleas court caused to be journalized its entry granting the motion to dismiss the amended complaint against the appellee for failure to state a claim upon which relief could be granted against the appellee. The entry also overruled the appellant's motion to file a second amended complaint that would add further allegations against the appellee.

The appellant assigns one error as follows:

"The trial [*sic*] erred to the prejudice of plaintiff-appellant in granting the defendant J.C. Carletti, Inc. d/b/a J.C.'s Campus Tavern's Motion to Dismiss."

For the reasons that follow, the assignment of error has merit and therefore the judgment is reversed.

■ The material allegations of the amended complaint are to be taken as admitted for the purpose of deciding the Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Alford v. Willoughby* (1979), 58 Ohio St.2d 221, 12 O.O.3d 229, 390 N.E.2d 782. Further, before such a motion can be granted, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

We are not confronted in this appeal with the claim against defendant Simms. That claim remains pending in the trial court as does the cross-claim of the defendant against the appellee. But the entry dismissing the claim of appellant against appellee contains the language necessary to give rise to immediate appellate review as provided in Civ.R. 54(B).

The allegations of count II of the amended complaint, in essence, charge that the appellee, holder of a liquor permit issued by the Ohio Department of Liquor Control, served the appellant's decedent ("Michelle") beer and intoxicating liquor on appellee's permit premises when Michelle was not of sufficient age to be served and when she was intoxicated, and, furthermore, that her condition was known to appellee's employees. It is further alleged that as a direct and proximate result of the acts of appellee's employees, Michelle, as she was walking home (not on the permit premises) was struck by an automobile and suffered injuries from which she died eighteen days later.

■ Accepting the material allegations of the amended complaint as true, as must be the case when deciding a Civ.R. 12(B)(6) motion to dismiss, *State, ex rel. Alford, v. Willoughby, supra,* the plaintiff alleges negligence *per se* in the violation of statutes prohibiting the serving of beer and intoxicating liquor to an underage person, R.C. 4301.69(A); *State v. Cheraso* (1988), 43 Ohio App.3d 221, 540 N.E.2d 326, and to an intoxicated person. R.C. 4301.22(B); *Taggart v. Bitzenhofer* (1972), 35 Ohio App.2d 23, 64 O.O.2d 157, 299 N.E.2d 901, affirmed 33 Ohio St.2d 35, 62 O.O.2d 372, 294 N.E.2d 226. In addition, the plaintiff includes in his amended complaint allegations that the acts of appellee in so serving Michelle constituted willful and wanton misconduct. This theory of recovery is supported by the requisite allegations of knowledge and foreseeability. See *Vecchio v. Vecchio* (1936), 131 Ohio St. 59, 5 O.O. 368, 1 N.E.2d 624. The amended complaint also contains allegations that tend to show proximate causation.

■ The one essential element, common to both theories of recovery, and upon which the correctness of the Civ.R. 12(B)(6) dismissal depends, is the existence of a duty. Thus, the determinative question is in focus: Does the holder of a valid liquor permit have any common-law liability for knowingly serving beer and intoxicating liquor to a patron who is underage and intoxicated and who is subsequently injured by a third person while off the permit premises?

Our research has not produced any reported case of imperative authority on the specific question presented. In *Smith v. The 10th Inning, Inc.* (1990), 49 Ohio St.3d 289, 551 N.E.2d 1296, the Supreme Court held, at the syllabus:

"An intoxicated patron has no cause of action against a liquor permit holder under R.C. 4301.22(B) where the injury, death or property damage sustained by the intoxicated patron off the premises of the permit holder was proximately caused by the patron's own intoxication."

In that case, the former patron sustained injuries when he lost control of the automobile he was operating while intoxicated and the Supreme Court affirmed the Civ.R. 12(B)(6) dismissal of Smith's complaint. In the instant case, Michelle was walking and her intoxication may or may not have been a proximate cause of her injuries and death depending on the evidence.

Of persuasive authority is the case of *Tome v. Berea Pewter Mug., Inc.* (1982), 4 Ohio App.3d 98, 4 OBR 181, 446 N.E.2d 848, motion to certify record overruled (Sept. 29, 1982), No. 82–1176. The Eighth District Court of Appeals affirmed the summary judgment in favor of the tavernkeeper in an action brought by a twenty-year-old former patron who was involved in an automobile accident as he was driving while intoxicated. The court held that contributory negligence of the plaintiff could be asserted even though the defendant was charged with negligence *per se,* but if allegations of willful and wanton misconduct were made against the defendant, the defense of contributory negligence would not be available. In such case, however, the alleged willful and wanton misconduct would not preclude the defense of assumption of the risk. The court further held that Tome assumed the risk of injury, as a matter of law, when he drove away from the permit premises in an intoxicated condition. *Tome v. Berea Pewter Mug., Inc., supra,* at 104, 4 OBR at 186–187, 446 N.E.2d at 854–55.

In the posture in which the instant case is presented to us for review, we cannot state, as a matter of law, that a tavern-keeper has no liability to an underaged patron to whom he serves beer or intoxicating liquor, willfully and wantonly or in violation of law, if that patron is subsequently injured off the permit premises by a third person. In this regard we cannot conclude, given

the posture of the case, that the decedent, as a matter of law, assumed the risk of her particular injury by walking while intoxicated.

The court erred in dismissing the amended complaint for failure to state a claim upon which relief could be granted. The judgment of the trial court is reversed and the cause remanded for further proceedings.

*Judgment reversed
and cause remanded.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.